# Exhibit B

JAMES R. PATTERSON (SBN: 211102)
HARRY W. HARRISON (SBN: 211141)
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys For: Plaintiff SONJA D'ANNEO

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
APR 2 2007
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| SONJA D'ANNEO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LENDER SUPPORT SYSTEMS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 37-2007-00064417-CU-OE-CTL<br><br>**COMPLAINT FOR:**<br>**(1) FAILURE TO PAY EARNED WAGES IN VIOLATION OF LABOR CODE SECTIONS 201 AND 202;**<br>**(2) CLAIM OF WAITING TIME PENALTIES PER LABOR CODE SECTION 203;**<br>**(3) CONVERSION; AND**<br>**(4) UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SONJA D'ANNEO, alleges:

1. Plaintiff SONJA D'ANNEO ("Plaintiff") is, and at all relevant times mentioned herein was, a resident of San Diego County, California and employed by Defendants and San Diego County, California.

2. Defendant LENDER SUPPORT SYSTEMS, INC. ("LSSI") is a California corporation with its principal place of business in Poway, California.

3. Plaintiff is informed, believes and thereon alleges that Defendants DOES 1 through 20 were in some manner responsible for the acts and injuries complained of herein and were at all relevant times the representatives, employees, agents, partners, joint venturers and/or directors of the remaining defendants. Plaintiff is ignorant of the true names and capacities of



HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the defendants when ascertained.

4. Plaintiff is informed, believes and thereon alleges that each of the defendants was, at all times relevant to this action, the agent, employee, representative, partner, director, member and/or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed, believes and thereon alleges that each of the defendants herein gave consent to, ratified, and/or authorized the acts alleged herein as to each of the remaining defendants.

## FACTUAL ALLEGATIONS

5. LSSI provided Plaintiff with a written contract proposal calling for the payment of substantial bonus money that was represented to be achievable and expected assuming Plaintiff performed in a reasonably satisfactory manner. Plaintiff's projected annual bonus totaled at least $100,000. LSSI promised to pay Plaintiff $50,000 so long as she performed in a satisfactory manner, and met readily achievable goals that LSSI promised to define at the beginning of her employment. LSSI promised to pay Plaintiff an additional bonus equal to 10% of any sales generated by Plaintiff, projected to be at least $50,000 of additional bonus money.

6. Plaintiff relied on LSSI's promise to pay achievable bonus money in agreeing to join LSSI and take a pay cut in salary from her former employer. LSSI knew and understood that Plaintiff was taking a reduced salary and was expecting and relying on the availability of bonus money as part of her compensation package.

7. LSSI failed to define the goals and expectations of Plaintiff as required under the express terms of Plaintiffs' employment. And soon after her employment began, LSSI elected to change Plaintiff's job scope from primarily an operations manager, which provided a substantial opportunity to generate new-client sales, to a client retention and account manager, which focused on retaining and generating revenue from existing clients. LSSI was apparently having trouble with some of its key accounts, and asked Plaintiff to immediately intervene to salvage these accounts, which Plaintiff did and in the process generated substantial revenues.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

8. When it came time for Plaintiff's one-year review, her direct supervisor, Mr. Cary Burch, asked Plaintiff to prepare a self-evaluation. Plaintiff did so and provided it to Mr. Burch for his review and comments. Mr. Burch reviewed this evaluation, made changes, interjected his comments, and rated Plaintiff as to each of the many categories identified therein. Importantly, Mr. Burch rated Plaintiff's work "satisfactory" or higher for each and every category, and even rated Plaintiff "outstanding" as to one category, commenting that he would rarely rate someone so high. Also importantly, Mr. Burch specifically acknowledged that Plaintiff was asked to work outside the scope of her original job description, and that Plaintiff successfully handled the transition and provided valuable contributions to LSSI outside of the original scope.

9. Shortly thereafter, Plaintiff met with Mr. Burch to discuss the final evaluation. At the time of this meeting, LSSI had only paid Plaintiff approximately $30,000 of her projected $100,000 bonus money. During the meeting, Plaintiff expressed her dissatisfaction with the bonus that had been paid, and insisted that at absolute minimum she should receive the additional $20,000 performance bonus. Plaintiff further explained her belief that it was not fair for LSSI to change her job scope in such a way that she could not earn the projected $50,000 sales bonus she was promised. Mr. Burch offered to pay Plaintiff an additional $12,500 of the performance bonus during this meeting, but still refused to pay the sales bonus.

10. After the meeting with Mr. Burch, Plaintiff felt extremely upset over the bonus money she had been promised, and felt it was not fair that she was not getting her sales bonus despite the fact that she had generated a substantial amount of sales from existing clients after being assigned to client retention. Nevertheless, Plaintiff continued performing her work at an extremely high level.

11. LSSI continued to drag its feet on the remaining $12,500 bonus money promised to Plaintiff during her meeting with Mr. Burch. Plaintiff thereafter decided that she had not choice but to leave LSSI as she had not been treated fairly and not been paid monies she was owed. Plaintiff believed that she had been taken advantage of, both initially, and with respect to the false promises made to her during her performance review.

///

SDSC 071

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

12. Upon receiving Plaintiff's notice, Mr. Burch became extremely agitated. He demanded that Plaintiff provide information and cooperate in the transition necessitated by her departure. At one point, Mr. Burch even commented that he would keep the level of Plaintiff's cooperation in mind "relative to the remaining bonus dollars" that still had not been paid. Plaintiff was more than happy to assist in the transition, and further expected to be paid at least the remaining $12,500 bonus money that had been promised to her by Mr. Burch

13. At the time of her departure, Plaintiff inquired as to when she could expect to receive the remaining $12,500 bonus money she had been promised. In response, Plaintiff received an absurd proposed "Separation Agreement" filled with numerous egregiously unlawful terms. Plaintiff was told that she would receive $5,000 if she agreed to the Separation Agreement. Plaintiff refused to sign this unlawful agreement.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Final Paycheck in Violation of Labor Code Sections 201 and 202)**
**(Against all Defendants)**

14. Plaintiff incorporates herein by reference the above paragraphs as though fully set forth herein.

15. California Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages for their work in amounts and at regular intervals set by law.

16. California Labor Code sections 201 and 202 provide that an employee who resigns employment by giving at least 72 hours of notice must be paid all of his wages, including all bonus money, immediately at the time of quitting.

17. Pursuant to Labor Code sections 218, 218.5 and 218.6, Plaintiff may bring a civil action for unpaid wages against the employer and may recover the unpaid balance of the full amount of such wages, together with costs of suit, interest and attorneys' fees.

18. Plaintiff began working for Defendant LSSI on May 16, 2005 at an annual salary of $100,000. Plaintiff was promised the opportunity to earn bonus money projected to be at least $100,000 annually for satisfactory performance.

///

SDSC 072

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

19. During the entire sixteen months of her employment, Plaintiff performed all work requested of her in a satisfactory manner.

20. LSSI instructed Plaintiff to perform work outside the original scope of her employment in lieu of the original scope. Plaintiff performed all of the additionally requested work in a satisfactory manner.

21. Plaintiff submitted her notice of resignation to Defendant LSSI on September 14, 2006 and Plaintiff's last day of employment was September 18, 2006.

22. Despite Plaintiff's request, Defendant LSSI failed and/or refused to pay Plaintiff wages owed her at the time of her departure.

23. Defendants, and each of them, have failed and refused, and continue to fail and refuse to pay Plaintiff's wages, including bonus money earned during Plaintiff's sixteen months of employment, in violation of the provisions of Labor Code sections 201 and 202.

24. As a proximate result of Defendants' failure to pay wages, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered a substantial loss of wages, *inter alia*, all to her damage in an amount in excess of $100,000. In addition, Plaintiff is entitled to civil penalties pursuant to Labor Code section 210, costs and attorneys' fees in prosecuting this matter pursuant to Labor Code section 218.5, and interest on all due and unpaid wages pursuant to Labor Code section 218.6.

## SECOND CAUSE OF ACTION
**(Claim for Waiting Time Penalties Per Labor Code Section 203)**
**(Against all Defendants)**

25. Plaintiff incorporates herein by reference the above paragraphs as though fully set forth herein.

26. Pursuant to California Labor Code, all wages due and owing an employee at the time of discharge must be paid immediately upon discharge. Labor Code section 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

27. At the time of Plaintiff's resignation, Defendants failed and refused, and continue to fail and refuse to pay Plaintiff all wages due and owing, including Plaintiff's earned bonus

money identified above. Defendants' actions are and continue to be willful in that Defendants have deliberately refused to pay Plaintiff's earned and accrued wages.

28. Pursuant to California Labor Code section 203, Plaintiff is entitled to a penalty equal to Plaintiff's daily rate of pay multiplied by 30 days. In addition, Plaintiff is entitled to costs and attorneys' fees in prosecuting this matter pursuant to Labor Code section 218.5 in an amount to be established at trial and interest pursuant to Labor Code section 218.6.

**THIRD CAUSE OF ACTION**
**(Conversion)**
**(Against all Defendants)**

29. Plaintiff incorporates herein by reference the above paragraphs as though fully set forth herein.

30. Once earned, unpaid wages become the property of the employee.

31. By failing to pay the entire wages earned and due on the designated pay day or within 72 hours of notice of resignation and retaining the sums earned Plaintiff, Defendants wrongfully exercised dominion and control over the property of Plaintiff. Defendants have failed and refused, and continue to fail and refuse to pay the total amounts owed to Plaintiff.

32. As a proximate result of the omissions of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered and continues to suffer a substantial loss of earnings and other employment benefits, *inter alia*, all to her damage in an amount in excess of $100,000.

33. On information and belief, Defendants were aware and admitted that Plaintiff was owed additional bonus money at the time of her departure from LSSI. Defendants made a conscious decision to use the wages owed Plaintiff as leverage to induce her into agreeing to an unlawful and oppressive Separation Agreement, which Plaintiff refused to sign.

34. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, and despicably with the wrongful intent of injuring Plaintiff, and with improper and evil motive amounting to malice in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be established at trial.

///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

**FOURTH CAUSE OF ACTION**
**(Unfair Business Practices in Violation of California Business & Professions Code section 17200, et seq.)**
**(Against all Defendants)**

35. Plaintiff incorporates herein by reference the above paragraphs as though fully set forth herein.

36. Plaintiff is informed and believes and thereon alleges that the multiple illegal acts alleged herein were perpetuated by Defendant, and said acts satisfy the criteria for unfair and illegal business practices under California Business and Professions Code section 17200, et seq.

37. These practices include, but are not limited to the following: failing to and refusing to pay wages due in violation of Labor Code sections 201 and 202 at the time of Plaintiff's resignation, or after.

38. Plaintiff is therefore entitled to equitable relief, namely restitution, under California Business and Professions Code section 17200, et seq., and injunctive relief compelling Defendant to immediately cease and desist all illegal activities described herein.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

**ON THE FIRST, THIRD, AND FOURTH CAUSES OF ACTION**

1. For compensatory damages, including, but not limited to, lost wages and employment benefits, *inter alia*, in an amount in excess of $100,000;

**ON THE FIRST AND SECOND CAUSES OF ACTION**

2. For reasonable attorneys' fees pursuant to Labor Code section 218.5 according to proof;

**ON THE SECOND CAUSE OF ACTION**

3. For penalties pursuant to Labor Code section 203 of approximately $25,000;

**ON THE THIRD CAUSE OF ACTION**

4. For punitive damages according to proof at trial;

///

///

**SDSC 075**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

**ON THE FOURTH CAUSE OF ACTION**

5. For an injunction causing defendants to immediately cease and desist all unfair and illegal business activities, and to disgorge, and pay Plaintiff all wages earned and retained by defendants, and each of them, during perpetration of such activities;

**ON ALL CAUSES OF ACTION**

6. For interest at the legal rate;

7. For costs of suit; and

8. For such other legal and/or equitable relief as the court deems just and proper.

Dated: April 2, 2007

HARRISON PATTERSON & O'CONNOR LLP

By: ______________________
James R. Patterson
Harry W. Harrison
Attorneys For Plaintiff SONJA D'ANNEO

SDSC 076

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
APR 2 2007
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
LENDER SUPPORT SYSTEMS, INC., a California corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
SONJA D'ANNEO, an individual

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**
**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is
*(El nombre y dirección de la corte es):*
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER:
*(Número del Caso)*
37-2007-00064417-CU-OE-CTL

- ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el nómero de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James R. Patterson
HARRISON PATTERSON & O'CONNOR LLP Tel: 619-756-6990
402 West Broadway, Ste. 1905
San Diego, CA 92101

DATE:
*(Fecha)* APR 0 5 2007 APR 0 2 2007

**CLERK OF THE SUPERIOR COURT**
Clerk, by _______________, Deputy
*(Secretario)* LANI E. MARTIN *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010))
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

SDSC 077

under ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416 90 (individual)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, St. ...ar number, and address):

James R. Patterson SBN: 211102
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, Ste. 1905
San Diego, CA 92101
TELEPHONE NO.: 619-756-6990 FAX NO.: 619-756-6991
ATTORNEY FOR (Name): Plaintiff SONJA D'ANNEO

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
APR 2 2007
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Sonja D'Anneo v. Lender Support Systems, Inc., et al.

## CIVIL CASE COVER SHEET

☒ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER:
JUDGE: 37-2007-00064417-CU-OE-CTL
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigatio (Cal. Rules of Court, rules 1800-1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**SDSC 078**

Date: April 2, 2007
James R. Patterson, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>Central<br>330 West Broadway<br>San Diego, CA 92101 | |
| **SHORT TITLE:** D'Anneo vs. Lender Support Systems Inc | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2007-00064417-CU-OE-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of the attached was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 07/09/2007.

Clerk of the Court, by: J. Lizama ______________________, Deputy

J. Lizama

JULIE E PATTERSON
1900 MAIN ST STE 700
IRVINE, CA 92614

JAMES PATTERSON
402 W. BROADWAY, 1905
SAN DIEGO, CA 92101

**SDSC 079**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6151 | |
| PLAINTIFF(S) / PETITIONER(S): Sonia D'Anneo | |
| DEFENDANT(S) / RESPONDENT(S): Lender Support Systems Inc | |
| D'ANNEO VS. LENDER SUPPORT SYSTEMS INC | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2007-00064417-CU-OE-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/31/2007 | 09:30 am | C-72 | Kevin A. Enright |

Counsel: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SDSC 080**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James R. Patterson (SBN: 211102)<br>HARRISON PATTERSON & O'CONNOR LLP<br>402 West Broadway, Ste. 1905<br>San Diego, CA 92101<br>TELEPHONE NO: 619-756-6990 FAX NO. *(Optional)*: 619-756-6991<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff SONJA D'ANNEO | FILED<br>CIVIL BUSINESS OFFICE 17<br>CENTRAL DIVISION<br>07 MAY -4 PM 12:43<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA<br>BRANCH NAME: Central Division | |
| PLAINTIFF/PETITIONER: SONJA D'ANNEO<br>DEFENDANT/RESPONDENT: LENDER SUPPORT SYSTEMS, INC., et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2007-00064417-CU-OE-CTL |

TO *(insert name of party being served)*: LENDER SUPPORT SYSTEMS, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 10, 2007

James R. Patterson
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Notice of Case Assigment; Civil Case Cover Sheet; Stipulation to Use of Alternative Dispute Resolution Process

***(To be completed by recipient)***:

Date this form is signed: April 30, 2007

Julie E. Patterson, Lender Support Systems, Inc
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

[signature], Attorney
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**SDSC 081**

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1900 Main Street, Suite 700, Irvine, CA 92614-7328. My email address is: holly.ottiger@bryancave.com.

On April 30, 2007, I served the foregoing document described as: **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James R. Patterson, Esq. | Telephone: (619) 756-6990 |
| Harrison Patterson & O'Connor LLP | Facsimile: (619) 756-6991 |
| 402 West Broadway, Suite 1905 | Email: |
| San Diego, CA 92101 | |

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

[ ] BY OVERNIGHT DELIVERY - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ] BY PERSONAL DELIVERY - I caused such envelope to be hand delivered to the offices of the addressee.

[ ] BY EMAIL – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 30, 2007, at Irvine, California.

Holly C. Ottiger
Holly C. Ottiger

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

SDSC 082