# Exhibit C

**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
Jesse E.M. Randolph, California Bar No. 221060
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
LENDER SUPPORT SYSTEMS, INC.

2007 MAY 21 AM 11: 05

SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| SONJA D'ANNEO,<br><br>Plaintiff,<br><br>v.<br><br>LENDER SUPPORT SYSTEMS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2007-00064417-CU-OE-CTL<br><br>Assigned to Hon. Kevin A. Enright, Dept. C-72<br><br>**ANSWER OF DEFENDANT LENDER SUPPORT SYSTEMS, INC. TO PLAINTIFF SONJA D'ANNEO'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: April 2, 2007<br>Trial Date: None Set |

Defendant LENDER SUPPORT SYSTEMS, INC. ("Defendant") answers the Complaint of Plaintiff SONJA D'ANNEO ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Section 431.30 of the Code of Civil Procedure, Defendant denies generally and specifically each and every allegation contained in the Complaint. Defendant further denies that Plaintiff has been injured or damaged in any manner or that Plaintiff is entitled to any relief against Defendant.

///

///

///

///

SDSC 059

IR01DOCS341917.2



Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## AFFIRMATIVE DEFENSES

1. As and for its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

2. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute Of Limitations)

3. The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338(a), 339, 340(a), 340(b), and 343, and Business & Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

4. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of primary jurisdiction in that the claims set forth in the Complaint are more properly presented to the California Division of Labor Standards Enforcement, which, pursuant to Labor Code section 98 et seq., is the administrative agency with special competence to investigate and hear employee disputes regarding the payment of wages.

## FOURTH AFFIRMATIVE DEFENSE

(Payment Of Wages)

5. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff has received proper payment of wages from Defendant.

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

(No Willful Deprivation Of Wages)

6. The Complaint, and each purported cause of action alleged therein, is barred because Defendant did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff of any wages to which she claims she was entitled under California law.

**SIXTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

7. The Complaint, and each purported cause of action alleged therein, is barred because Defendant did not willfully fail to pay Plaintiff wages, as a good faith dispute exists as to whether any wages are due.

**SEVENTH AFFIRMATIVE DEFENSE**

(Plaintiff Secreted Or Absented)

8. The Complaint, including specifically the second cause of action alleged therein, is barred to the extent Plaintiff secreted or absented herself to avoid payment of wages, or to the extent Plaintiff refused to receive payment of wages when fully tendered.

**EIGHTH AFFIRMATIVE DEFENSE**

(Offset)

9. Defendant denies that it has unlawfully failed to pay any amounts for wages to Plaintiff, or that it otherwise has acted improperly. However, any entitlement that Plaintiff may ultimately be found to have to additional wages is subject to an offset for any payments that Plaintiff may already have received from Defendant, and for the value of any confidential, proprietary, and/or trade secret information belonging to Defendant which Plaintiff may have misappropriated.

**NINTH AFFIRMATIVE DEFENSE**

(No Contract)

10. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff has not properly pleaded, and cannot prove, the existence of a valid and enforceable underlying contract.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

**TENTH AFFIRMATIVE DEFENSE**

(Lack Of Consideration)

11. The Complaint, and each purported cause of action alleged therein, is barred because the alleged contract upon which Plaintiff's causes of action are based is not supported by any consideration from Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure Of Conditions)

12. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff has failed to perform the conditions necessary to give rise to any contractual obligation on the part of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Accord And Satisfaction)

13. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of accord and satisfaction, as Defendant has paid all amounts due and owing to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure To Allege Specific Sum Owed)

14. The Complaint, including specifically the third purported cause of action alleged therein, is barred because Plaintiff has failed to properly plead, and cannot prove, a specific sum that allegedly was converted by Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Exclusive Remedy)

15. The Complaint, including specifically the third purported cause of action alleged therein, is barred to the extent Plaintiff's common-law conversion cause of action is duplicative of her separate, statutory causes of action, the remedies for which are exclusive.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Unfair Or Unlawful Business Practices)

SDSC 062

16. The Complaint, including specifically the fourth purported cause of action alleged therein, is barred because Defendant has not engaged in any "business practice" which is

"unlawful," "unfair," or "fraudulent" within the meaning of Business and Professions Code section 17200 et seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Application Of Business And Professions Code Section 17200 Unconstitutional)

17. The Complaint, including specifically the fourth purported cause of action alleged therein, is barred because, as applied to the allegations set forth in the Complaint, the provisions of Business and Professions Code section 17200 et seq. violate the Due Process rights of Defendant under the Fifth and Fourteenth Amendments to the United States Constitution and the Due Process Clause contained in Article 1, Section 7 of the California Constitution to the extent that prior jurisprudence holds that claims decided under its auspices do not have *res judicata* effect.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Business And Professions Code Section 17200 Unconstitutionally Vague)

18. The Complaint, including specifically the fourth purported cause of action alleged therein, is barred because, as applied to the allegations set forth in the Complaint, the provisions of California Business and Professions Code section 17200 et seq. are unconstitutionally vague and violate Defendant's rights under the United States and California Constitutions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

19. Defendant's actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Standing)

20. The Complaint, including specifically the fourth purported cause of action alleged therein, is barred because Plaintiff lacks standing to bring such causes of action either on her own behalf or on behalf of others.

///

///

///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

**TWENTIETH AFFIRMATIVE DEFENSE**

(Performance Of Duties)

21. The Complaint, and each purported cause of action alleged therein, is barred because Defendant has fully performed any and all contractual, statutory, and/or other duties owed to Plaintiff under applicable law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Compliance With Applicable Laws And Regulations)

22. The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant complied with any and all applicable statutes, regulations, and/or laws governing the employment relationship.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Management Discretion)

23. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the conduct of which Plaintiff now complains was a just and proper exercise of management discretion by Defendant (and/or its agents), and was undertaken for a fair, honest, and legitimate business reason, and was regulated by good faith under the circumstances that existed.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Laches)

24. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

25. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

///

///

///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

26. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

27. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Balance Of Equities)

28. The equities in this case weigh against the relief Plaintiff seeks.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Damages)

29. Plaintiff has suffered no legally cognizable damages as a result of the conduct alleged in the Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Failure To Mitigate)

30. Plaintiff's recovery as to each purported cause of action alleged in the Complaint is barred, in whole or in part, by her failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to her.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Defendant Has Not Been Unjustly Enriched)

31. Defendant has not received any profits or other inappropriate gains and has not been unjustly enriched as a result of the conduct alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Plaintiff Seeks Unjust Enrichment)

SDSC 065

32. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, on the ground that Plaintiff would be unjustly enriched if she were allowed to

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

recover certain claimed damages in the Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Not Entitled To Injunctive Relief)

33. Plaintiff is not entitled to the injunctive relief requested in the Complaint, or to any injunctive or other form of equitable relief, because, among other things, (i) Plaintiff has an adequate remedy at law if she were to succeed in this action, (ii) there is no reasonable likelihood that Plaintiff will prevail on the merits, and/or (iii) Plaintiff cannot show any threat of irreparable harm.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(No Right To Penalties)

34. Plaintiff is not entitled to recover penalties pursuant to the Labor Code because she has no private right of action to recover such penalties.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Punitive Damages/Penalties Not Available)

35. Plaintiff is not entitled to recover the punitive damages or penalties alleged in the Complaint, and therefore any punitive damages or penalties-related allegations should be stricken, because:

a. Plaintiff has failed to plead facts in support of her prayer for punitive damages sufficient to support her allegations of oppression, fraud, and/or malice. Civ. Code § 3294(a); and/or

b. Plaintiff has failed to plead facts in support of her prayer for punitive damages sufficient to support her allegations of gross or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or intent; and/or

c. Plaintiff's prayer for punitive damages fails because Defendant (or any of its agents) did not commit any alleged oppressive, fraudulent, or malicious act, authorize or ratify such an act, or have advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employ any such employee or employees with a conscious disregard of the rights of others. Civ. Code § 3294(b); and/or

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

d. California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of either punitive damages or penalties, and because these laws, rules, and procedures deny due procedural and substantive due process and impose penalties without the requisite protections, they violate the Constitution of the State of California and the Fifth and Fourteenth Amendments to the United States Constitution, and place an unreasonable burden on interstate commerce; and/or

e. The imposition of either punitive damages or penalties in this case would violate Defendant's rights to protection against excessive fines, as provided in the Eighth Amendment to the United States Constitution or Article 1, Section 17 of the Constitution of the State of California.

**RESERVATION OF RIGHTS**

Defendant reserves the right, upon completion of its investigation and discovery, to file such additional affirmative defenses as may be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for relief as follows:

1. That Plaintiff take nothing by her Complaint;
2. That the Complaint be dismissed, in its entirety, with prejudice;
3. That judgment be entered in Defendant's favor and against Plaintiff;
4. That Defendant be awarded its costs of suit;
5. That Defendant be awarded its attorneys' fees; and
6. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: May 18, 2007

**BRYAN CAVE LLP**
JULIE E. PATTERSON
JESSE E.M. RANDOLPH

By: [signature]
Julie E. Patterson
Attorneys for Defendant
LENDER SUPPORT SYSTEMS, INC.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

# PROOF OF SERVICE

CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1900 Main Street, Suite 700, Irvine, CA 92614-7328. My email address is Debra.Crawford@BryanCave.com.

On May 18, 2007, I served the foregoing document described as: **ANSWER OF DEFENDANT LENDER SUPPORT SYSTEMS, INC. TO PLAINTIFF SONJA D'ANNEO'S UNVERIFIED COMPLAINT** on all interested parties in this action by placing [] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

| | | |
|---|---|---|
| James R. Patterson, Esq. | Telephone: | (619) 756-6990 |
| Harrison Patterson & O'Connor LLP | Facsimile: | (619) 756-6991 |
| 402 West Broadway, Suite 1905 | Email: | |
| San Diego, CA 92101 | | |

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

[ ] BY OVERNIGHT DELIVERY - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ] BY PERSONAL DELIVERY - I caused such envelope to be hand delivered to the offices of the addressee.

[ ] BY EMAIL – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 18, 2007, at Irvine, California.

DEBRA CRAWFORD

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

**SDSC 068**