UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDER SUPPORT SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE CO., and DOES I through 20, inclusive,<br><br>Defendants. | CASE NO. 08-CV-0848 WQH (BLM)<br><br>**JOINT MOTION FOR PROTECTIVE ORDER** |

Pursuant to Civil Local Rule 7.2, the parties, through their counsel of record, submit the following joint motion for protrctivr oder in this matter.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal.

2. DEFINITIONS

2.1 "Party" means any party to this action, including all of its officers, directors, employees, consultants, agents, retained experts, and outside counsel (and their support staff).

2.2 "Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or in response to subpoenas issued in this matter.

2.3 "Confidential Information" means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Outside Counsel Only" Information means extremely sensitive "Confidential Information" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 "Receiving Party" means a Party that receives Material from a Producing Party.

2.6 "Producing Party" means a Party or non-party that produces Material in this action.

2.7 "Designating Party" means a Party or non-party that designates Material as "Confidential" or "Highly Confidential – Outside Counsel Only."

2.8 "Protected Material" means Material that is designated as "Confidential" or as "Highly Confidential – Outside Counsel Only."

2.9 "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 "House Counsel" means attorneys who are employees of a Party.

2.11 "Counsel" (without qualifier) means Outside Counsel and House Counsel (as well as their support staff).

2.12 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or

of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of Material that qualify – so that other portions of the Material, for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or a non-party's attention that Material that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order

(see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be clearly so designated before the Material is disclosed or produced. Designation in conformity of this Order requires:

(a) Information in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the Material it wants copied and produced, the Producing Party must determine which Material, or portions thereof, qualify for protection under this Order, then, before producing the specified Material, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protection portion(s), and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY").

(b) Testimony given in deposition or in other pretrial or trial proceedings: The Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to

specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) Information produced in some form other than documentary, and for any other tangible items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" after the Material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly, including voice-to voice contact, with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis of the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 7.1, if applicable) that identifies the challenged Material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement toe Be Bound by Protective Order" attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(f) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author of the document or the original source of the Material.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(b) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A; and

(f) the author of the Material or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or

order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance no authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested person, a Party may not file in the public record in this action any Protected Material.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August ___, 2008 LEVINE, STEINBERG, MILLER & HUVER

By:____________________
Harris I. Steinberg
Attorneys for Plaintiff
Lender Support Systems, Inc.

DATED: August 25, 2008 SEDGWICK, DETERT, MORAN & ARNOLD, LLP

By: [signature]
Brian D. Harrison
Attorneys for Defendant
Philadelphia Indemnity Insurance Company

deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 22, 2008

LEVINE, STEINBERG, MILLER & HUVER

By: [signature]
Harris I. Steinberg
Attorneys for Plaintiff
Lender Support Systems, Inc.

DATED: August ___, 2008

SEDGWICK, DETERT, MORAN & ARNOLD, LLP

By:____________________
Brian D. Harrison
Attorneys for Defendant
Philadelphia Indemnity Insurance Company

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I., ______________________________ [print or type full name], of ______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order issued persuant to the Joint Motion for Protective Order ("Order") by the United States District Court for the Southern District of California on August __, 2008 in the case of *Lender Support Systems, Inc. v. Philadelphia Indemnity Insurance Company,* United States District Court, Southern District of California, Case No. 08 CV-08-0848 WQH (BLM). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions to his Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________ [print or type full name] of ______________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:______________________________________________

City and State where sworn and signed:______________________

Printed name: ______________________________________

Signature:__________________________________________

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On August 25, 2008, I served the within document(s):

**JOINT MOTION FOR PROTECTIVE ORDER**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☒ E-MAIL OR ELECTRONIC TRANSMISSION – by transmitting via e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) set forth below. I did not receive, within a reasonable time after the transmission, any electronic message or other indicating that the transmission was unsuccessful.

Harris I. Steinberg, Esq.
Levine, Steinberg, Miller & Huver
550 West C Street, Suite 1810
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiff
*Lender Support Systems, Inc.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 25, 2008, at San Francisco, California.

/s/ Christine P. Tapang
Christine P. Tapang